IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA
v.                                  CRIMINAL ACTION NO. 1:07CR47

WARREN KIPP HALL,
          Defendant.

## ORDER/OPINION

On the 15$^{tht}$ day of October, 2005, came the United States of America by David E. Godwin, Assistant United States Attorney, and also came the defendant, Warren Kipp Hall, in person and by his counsel, Brian J. Kornbrath, for hearing on the Petition for Action on Conditions of Pretrial Release filed on May 9, 2007, alleging that Defendant:

1. Violated Mandatory Condition 1 that he not commit an offense in violation of federal, state or local law while on release in this case; and

2. Violated Condition 7(o) that he refrain from any use of alcohol.

As grounds for the above violations, Defendant's Adult Pretrial Services Officer Mark McKee stated:

> On May 8, 2007, the defendant, Warren Kipp Hall, was arrested by the Clarksburg Police Department and charged in Harrison County Magistrate Court at Case No. 07 M 1215 with Driving Under the Influence (DUI) in violation of Chapter 17C, Article 5, Section 2 of the West Virginia Code. On May 9, 2007, the defendant was released from jail after posting a $3,500 bond with the condition "Do not drink and drive."

The Adult Pretrial Services Officer noted that during the traffic stop Defendant failed three field sobriety tests, and a Breathalyzer test registered a BAC of .138.

Prior to the taking of evidence, Defendant, through counsel, waived the hearing regarding the alleged violations, admitting there was probable cause that he had been stopped for a DUI violation, and that there was clear and convincing evidence that he violated the condition of his release that required he refrain from use of alcohol. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing was freely, knowingly, and voluntarily made.

Defendant, through counsel, then requested continued release, pursuant to 18 U.S.C. § 3148, arguing that even if probable cause is found that he violated conditions, there were conditions or a combination of conditions that would reasonably assure his appearance and the safety of the community. Defendant argued that the government had not moved to detain him at his initial appearance; that he was a lifelong resident of Clarksburg, West Virginia; that he lived with his wife and three teenaged children; that he had lived at the same address for six years; that his wife worked full time as a dietary aid; and that as a member of Local Union 803, he either worked full time or received a "low earnings" wage from the Union. Defendant asked the Court to modify his bond to reflect that he: 1) Give up any driver's license and not operate a motor vehicle; 2) Reside at his home with his family on home confinement with electronic monitoring unless permitted to work; 3) if permitted to work he could ride with his father to work; and 4) he could pay for own electronic monitoring.

The government objected to Defendant's release, arguing that the nature of the underlying charges was serious, with minimum sentences; that the weight against Defendant on the underlying charges was strong, supported by recordings of controlled buys of illegal drugs; that Defendant did test positive for drugs when first arrested; and that he was a danger to the

community if only due to his driving drunk within 24 hours of being released by this Court.

Upon all of which the Court found:

1) The Court is extremely concerned and gives credence to the argument that Defendant is facing serious charges in this case, with three distinct counts of distributing a controlled substance within 1000' of a protected facility;

2) The court is not unmindful that Defendant does not have a vast criminal history, but what he does have is tied to the use of illegal drugs;

3) The Court is not unmindful of the fact that within 24 hours of his release by this Court, Defendant ignored what he had been told by the Court, got drunk and, more importantly, drove a vehicle, making himself a danger to the community;

Considering all of which, the Court concludes there are conditions of release that can be imposed which will protect the community and insure Defendant's future appearance before the court and accordingly directs that Defendant be released on further restricted conditions of release which will include[1]:

1) Defendant shall be on home incarceration, restricted to his residence at all times with the exception of medical needs and treatment, religious services, and Court appearances, **ALL OF WHICH MUST BE PRE-APPROVED** by his Adult Pretrial Services Officer;

2) Defendant shall be under Electronic Monitoring which shall be paid for by Defendant;

3) Defendant shall surrender any driver's licence and shall sign conditions that he shall not drive. Defendant **SHALL NOT DRIVE**;

---

[1] The complete revised, further restrictive conditions of release will be encompassed in a separate Order bearing even date herewith.

4) Defendant shall not be released unless and until his wife removes any and all alcohol from the residence, and agrees not to permit any alcohol to be brought into the residence, including medications that may contain alcohol;

4) Defendant shall not be released until his Adult Pretrial Services Officer has the opportunity to, and does inspect the home to be assured no alcohol, firearms, explosives or components of explosives are present in the home.

5) These conditions are in addition to those already in effect.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: The 15th day of May, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE